

INSTITUTE FOR JUSTICE

March 10, 2026

**Via Electronic Filing**
Mr. Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place
New Orleans, LA 70130

      RE:   *Texas Association of Money Services Businesses v. Bondi*, No. 25-50481

Dear Mr. Cayce:

Plaintiffs-Appellees write to inform the Court that FinCEN has once again renewed the Border GTO at issue in this case. The renewed GTO is effective through September 2, 2026. A copy of the renewed GTO is attached as Exhibit 1 (91 Fed. Reg. 11456 (March 10, 2026)).

This latest renewal underscores that FinCEN is using the GTO mechanism to circumvent the APA's notice-and-comment requirement. The renewed GTO continues to apply everywhere the initial GTO applied, demonstrating that FinCEN can use the GTO mechanism to impose compliance obligations that remain in place far longer than 180 days. At the same time, FinCEN has now expanded the GTO to new regions of the country—including Maricopa County, AZ, with a population of over 4.4 million persons—without any advance notice or opportunity for comment.

This latest renewal also underscores the importance of the APA's procedural requirements. The previous GTO expired on Friday, March 6; and, while the renewed GTO has an effective date of Saturday, March 7 (for entities that were subject to the previous GTO), the renewed GTO was not publicly announced until the morning of Monday, March 9. *See* Ex. 1 at 11457 ("Filed 3–9–2026; 8:45 am"). As a result, entities that were subject to the

U.S. Court of Appeals for the Fifth Circuit
Lyle W. Cayce, Clerk of Court
March 10, 2026
Page 2

previous GTO but not covered by any preliminary injunction are required to report an entire weekend's worth of transactions even though they had no prior notice that those transactions were subject to *any* GTO.

Finally, this renewal confirms that this preliminary injunction is in no way moot—and also that FinCEN does not dispute that the existing preliminary injunction is appropriately applied to the renewed GTOs—as the notice states in the definition of "Covered Business" that entities covered by the preliminary injunctions entered in this and other challenges to the Border GTO will remain exempt from the renewed GTO as long as the preliminary injunctions remain in force. *See id.* at 11456.

I thank the Court for its attention.

                                          Respectfully submitted,

                                          /s/ Robert E. Johnson
                                          Robert E. Johnson
                                          INSTITUTE FOR JUSTICE
                                          *Counsel for Cross-Appellants Arnoldo Gonzalez, Jr., and High Value, Inc.*

cc:    Counsel of Record (via ECF)

# Exhibit 1

TABLE OF CONCENTRATION LIMITS—Continued

| DEA chemical code No. | Concentration | | Special conditions | |
|---|---|---|---|---|
| * | * | * | * | * | * | * |

\* \* \* \* \*

**Signing Authority**

This document of the Drug Enforcement Administration was signed on February 25, 2026, by Administrator Terrance C. Cole. That document with the original signature and date is maintained by DEA. For administrative purposes only, and in compliance with requirements of the Office of the Federal Register, the undersigned DEA Federal Register Liaison Officer has been authorized to sign and submit the document in electronic format for publication, as an official document of DEA. This administrative process in no way alters the legal effect of this document upon publication in the **Federal Register**.

**Heather Achbach,**
*Federal Register Liaison Officer, Drug Enforcement Administration.*

[FR Doc. 2026–04657 Filed 3–9–26; 8:45 am]

**BILLING CODE 4410–09–P**

---

**DEPARTMENT OF THE TREASURY**

**Financial Crimes Enforcement Network**

**31 CFR Part 1010**

**Geographic Targeting Order Imposing Recordkeeping and Reporting Requirements on Certain Money Services Businesses Along the Southwest Border**

**AGENCY:** Financial Crimes Enforcement Network (FinCEN), Treasury.
**ACTION:** Order.

**SUMMARY:** FinCEN is issuing this Geographic Targeting Order, requiring certain money services businesses along the southwest border of the United States to report and retain records of transactions in currency of $1,000 or more, but not more than $10,000, and to verify the identity of persons presenting such transactions.

**DATES:**
*Effective date:* This action takes effect March 7, 2026.
*Compliance date:* The compliance date for persons that were not Covered Businesses under the Geographic Targeting Order published by FinCEN on September 10, 2025 (90 FR 43557) is April 6, 2026.

**FOR FURTHER INFORMATION CONTACT:** FinCEN's Regulatory Support Section by submitting an inquiry at *www.fincen.gov/contact.*

**SUPPLEMENTARY INFORMATION:**

**I. Background**

If the Secretary of the Treasury (Secretary) finds, upon his own initiative or at the request of an appropriate Federal or State law enforcement official, that reasonable grounds exist for concluding that additional recordkeeping and reporting requirements are necessary to carry out the purposes of the Bank Secrecy Act (BSA)[1] or to prevent evasions thereof, the Secretary may issue a Geographic Targeting Order (GTO) requiring any domestic financial institution or group of domestic financial institutions, or any domestic nonfinancial trade or business or group of domestic nonfinancial trades or businesses, in a geographic area to obtain such information as the Secretary may describe in such GTO concerning any transaction in which such financial institution or nonfinancial trade or business is involved in for the payment, receipt, or transfer of funds (as the Secretary may describe in such GTO), and concerning any other person participating in such transaction.[2] For any such transaction, the Secretary may require the financial institution or nonfinancial trade or business to maintain a record and/or file a report in the manner and to the extent specified.[3] The maximum effective period for a GTO is 180 days unless renewed.[4] The authority of the Secretary to issue a GTO has been delegated to the Director of FinCEN (Director).[5]

The Director finds that reasonable grounds exist for concluding that the additional recordkeeping and reporting requirements set forth in the GTO contained in this document (the "Order") are necessary to carry out the purposes of the BSA or to prevent evasions thereof. This action is being taken in furtherance of Treasury's efforts to combat illicit finance by drug cartels and other illicit actors along the southwest border of United States. The Order does not alter any existing BSA obligation of a Covered Business (as defined in the Order), except as otherwise noted in the Order itself. Thus, for example, a Covered Business must continue to file Currency Transaction Reports (CTRs) for transactions in currency above $10,000 and Suspicious Activity Reports (SARs) where appropriate and in accordance with the BSA and applicable regulations. Although the dollar thresholds for filing SARs in the SAR regulation applicable to Covered Businesses remains the same (as low as $2,000),[6] FinCEN encourages the voluntary filing of SARs where appropriate to report transactions conducted to evade the $1,000 reporting threshold imposed by the Order.

**II. Geographic Targeting Order**

*A. Businesses and Transactions Covered by This Order*

1. For purposes of this Order, the "Covered Business" means a money services business, as defined in 31 CFR 1010.100(ff), located in the Covered Geographic Area, except, for the period during which an applicable injunction remains in force, any money services business to which the government is enjoined by court order from applying the Geographic Targeting Order published by FinCEN on March 14, 2025 (90 FR 12106).

2. For purposes of this Order, a "Covered Transaction" means each deposit, withdrawal, exchange of currency or other payment or transfer, by, through, or to the Covered Business which involves a transaction in currency, of $1,000 or more, but not more than $10,000.

3. For purposes of this Order, a "Covered Geographic Area" means:

a. The following counties in Arizona:

 i. Maricopa County, Arizona;

---

[1] The Bank Secrecy Act, as amended, is codified at 12 U.S.C. 1829b, 1951–1960 and 31 U.S.C. 5311–5314, 5316–5336 and includes other authorities reflected in notes thereto. Regulations implementing the BSA appear at 31 CFR chapter X. The Secretary of the Treasury's authority to administer the BSA has been delegated to the Director of FinCEN. See Treasury Order 180–01 (Jan. 14, 2020).

[2] 31 U.S.C. 5326(a); *see also* 31 CFR 1010.370.

[3] 31 U.S.C. 5326(a).

[4] 31 U.S.C. 5326(d).

[5] Treasury Order 180–01 (Jan. 14, 2020).

[6] 31 CFR 1022.320.

ii. Pima County, Arizona;
iii. Santa Cruz County, Arizona; and
iv. Yuma County, Arizona;

b. The following counties in Texas:

i. Cameron County, Texas;
ii. El Paso County, Texas;
iii. Hidalgo County, Texas;
iv. Maverick County, Texas; and
v. Webb County, Texas; [7]

b. The following counties in New Mexico:

i. Bernalillo County, New Mexico;
ii. Dona Ana County, New Mexico;
iii. San Juan County, New Mexico; and

c. The following ZIP Codes in California:

i. 92231, 92249, 92281, and 92283 (Imperial County, California); and
ii. 91910, 92101, 92113, 92117, 92126, 92154, and 92173 (San Diego County, California).[8]

4. All terms used but not otherwise defined herein shall have the same meaning set forth in part 1010 of chapter X of subtitle B of title 31 of the Code of Federal Regulations.

*B. Reports Required To Be Filed by the Covered Business*

5. Except as otherwise set forth in this Order, if the Covered Business is involved in a Covered Transaction, then the Covered Business shall report the Covered Transaction to FinCEN on a Currency Transaction Report within 30 days following the day on which the Covered Transaction occurred. In the case of the U.S. Postal Service, the obligation contained in the preceding sentence shall not apply to payments or transfers made solely in connection with the purchase of postage or philatelic products.

**Note:** When submitting the report, the Covered Business may receive a warning that the transaction is below $10,000. The Covered Business shall ignore the warning and continue with the submission.

6. Each report filed pursuant to this Order must be: (a) completed in accordance with the terms of this Order and the Currency Transaction Report instructions (when those terms and those instructions conflict, the terms of this Order prevail); and (b) e-filed though the BSA E-Filing System.[9]

7. Before concluding a Covered Transaction, the Covered Business must comply with the identification requirements set forth at 31 CFR 1010.312, including the requirement that the specific identifying information (*e.g.,* the account number of the credit card, the driver's license number) used in verifying the identity of the customer shall be recorded on the Currency Transaction Report, and the mere notation of ''known customer'' or ''bank signature card on file'' on the report is prohibited. For purposes of this requirement, the Covered Business need not identify employees of armored car services.

8. The Covered Business is not required to file a report otherwise required under this Order on a Covered Transaction between the Covered Business and a commercial bank.

9. Part IV of the Currency Transaction Report shall contain the following information in Field 45: ''MSB0326GTO''.

*C. Order Period*

The terms of this Order are effective beginning March 7, 2026 and ending on September 2, 2026. The compliance date for persons that were not Covered Businesses under the Geographic Targeting Order published by FinCEN on September 10, 2025 (90 FR 43557) is April 6, 2026.

*D. Retention of Records*

The Covered Business must: (a) retain all reports filed to comply with this Order and any other records relating to compliance with this Order for a period of five years from the last day that this Order is effective (including any renewals of this Order); (b) store all such records in a manner accessible within a reasonable period of time; and (c) make such records available to FinCEN, or any other appropriate law enforcement or regulatory agency, upon request, in accordance with applicable law.

*E. No Effect on Other Provision of the BSA or Its Implementing Regulations*

Nothing in this Order otherwise modifies or affects any provision of the BSA or the regulations implementing the BSA to the extent not expressly stated herein.

*F. Confidentiality*

This Order is being publicly issued, and its terms are not confidential.

*G. Compliance*

The Covered Business must supervise, and is responsible for, compliance by each of its officers, directors, employees, and agents with the terms of this Order. The Covered Business must transmit this Order to each of its agents located in the Covered Geographic Area. The Covered Business must also transmit this Order to its Chief Executive Officer or other similarly acting manager.

*H. Penalties for Noncompliance*

The Covered Business, and any of its officers, directors, employees, and agents, may be liable, without limitation, for civil or criminal penalties for violating any of the terms of this Order.

*I. Validity of Order*

Any judicial determination that any provision of this Order is invalid shall not affect the validity of any other provision of this Order, and each other provision shall thereafter remain in full force and effect. A copy of this Order carries the full force and effect of an original signed Order.

*J. Paperwork Reduction Act*

The collection of information subject to the Paperwork Reduction Act contained in this Order has been approved by the Office of Management and Budget (OMB) and assigned OMB control number 1506–0056. An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a valid OMB control number.

*K. Questions*

All questions about the Order should be directed to FinCEN at *https://www.fincen.gov/contact.*

(Authority: 31 U.S.C. 5326)

Dated: March 6, 2026.

**Andrea M. Gacki,**
*Director, Financial Crimes Enforcement Network.*

[FR Doc. 2026–04641 Filed 3–9–26; 8:45 am]
**BILLING CODE 4810–02–P**

---

[7] As of this date, the government is enjoined from applying the Geographic Targeting Order of March 14, 2025, to certain MSBs in Texas. Thus, until the relevant injunctions are lifted, those MSBs are exempt from the definition of Covered Businesses for purposes of the requirements of this Order.

[8] As of this date, the government is enjoined from applying the Geographic Targeting Order of March 14, 2025, to MSBs in Imperial County and San Diego County. Thus, until that injunction is lifted, MSBs in these counties are exempt from the definition of Covered Businesses for purposes of the requirements of this Order.

[9] To electronically file a Currency Transaction Report, a Covered Business will need a BSA E-Filing User account. To create a BSA E-Filing User account, please visit *https://bsaefiling.fincen.treas.gov/Enroll_Now.html.* For more information on E-Filing, please visit *https://bsaefiling.fincen.treas.gov/AboutBsa.html.*